AUGUSTE DE MONTAULT, AUGUSTINE RENE THERESE MONTAULT BY HER NEXT FRIEND LOUIS MONTAULT AND WILLIAM ROGER DE LA CHOUQUAIS, HUSBAND OF THE SAID AUGUSTINE, LOUIS MONTAULT, BERNARD DAUTIERRE, VALERIE DAUTIERRE, ELEANOR DAUTIERRE BY HER NEXT FRIEND LOUIS MONTAULT AND HER HUSBAND AUGUSTIN RICHARD, ADELINE DAUTIERRE, VIRGINIE DAUTIERRE, BY HER NEXT FRIEND LOUIS MONTAULT AND HER HUSBAND LOUIS BOULIGNY, FANNY DAUTIERRE, THEODORE DAUTIERRE, PAULINE DAUTIERRE BY HER NEXT FRIEND LOUIS MONTAULT AND HER HUSBAND SAMUEL LOGAN, APPELLANTS, *v.* THE UNITED STATES.

This court again decides, as in 9 Howard, 127, 280, and 10 Howard, 609, that, with respect to the tract of country between the Mississippi and Perdido rivers, south of the thirty-first degree of north latitude, the authorities of Louisiana had no right to make grants of land after the time of signing the treaty, by which it was ceded to Great Britain.

That treaty having been signed on the 10th of February, 1763, a grant of land in the above tract of country, issued by the French Governor of Louisiana, on the 11th March, 1763, was void.

THIS was an appeal from the District Court of the United States for the Southern District of Alabama.    It was a petition presented under the act of 1824, relating to land titles in Mis-

souri, as revived and made applicable by the act of 1844, to that part of the State of Alabama, below the thirty-first degree of north latitude.

The petition sets forth: "That your petitioners are the only heirs of the Chevalier Montault de Monterault, who, many years since, departed this life intestate, in the then province, now State, of Louisiana. Your petitioners further allege, that heretofore, to wit, on the third day of January, in the year seventeen hundred and sixty-three, the said Chevalier Montault de Monterault petitioned the then governor of the Colony of Louisiana for the grant of a tract of land lying south of the thirty-first degree of north latitude, and between the rivers Mississippi and Perdido, and within the State of Alabama, bounded by the rivers La Batture, now known as bayou Battre, the Gulf of Mexico, and Fowl River, extending into the interior to the sources of those rivers, and especially that branch of Fowl River, known as the Elwer or Leslay, which, approaching each other, form a tract of land or cul-de-sac.

"Your petitioners further allege that, heretofore, to wit, on the eleventh day of March, in the year seventeen hundred and sixty-three, Louis de Kerlerac, then governor of the Colony of Louisiana, and Dennis Nicholas Faucault, performing the functions of commissary ordonnateur of said province, holding their appointments under the King of France, executed and delivered to the said Chevalier Montault de Monterault, a grant to said tract of land, by virtue of which he possessed it for many years, and used it for the purpose of cultivation, raising horses and cattle, and making tar; and the said Montault de Monterault was, at the time of making said grant, a resident of Louisiana; and said grant is protected by the treaty between the United States and France for the cession of Louisiana. Your petitioners allege that he never aliened the said land, that it belonged to him at the time of his death, and that it has descended to your petitioners as his legal heirs, and that it contains about forty-five thousand superficial acres.

"Your petitioners allege, that their claim aforesaid has not been submitted to the examination of any of the tribunals which have been constituted by law for the adjustment of land-titles, nor reported on by such tribunal. Wherefore, your petitioners pray that the validity of their claim aforesaid may be inquired into and decided by the said court; and reserving the right of amending their petition, and of making other persons parties to this proceeding if necessary, they pray that a copy of this their petition be served on the District Attorney of the United States for the Southern District of Alabama. And they further pray, that, after proper proceedings, it may be decreed by this court

that the title held by your petitioners to the above-described tract of land is good as against the United States and all persons claiming under them, and that they may be permitted to locate. elsewhere a quantity of land equal to what the government of the United States may have sold or granted within the limits of the grant aforesaid to the Chevalier Montault de Monterault; and your petitioners pray for other and further relief, such as the nature of their case may require."

To this petition the District Attorney filed a general demurrer.

The District Judge sustained the demurrer, and the petitioners brought the case up to this court.

It was argued by *Mr. Lawrence* and *Mr. Badger*, for the appellants, and by *Mr. Crittenden*, Attorney-General, for the United States.

ᴛne counsel for the appellant rested the case upon the following point:

The grant in this case was complete, and the grantee was in possession of the land and cultivated it.

It is true, the grant bears date about one month after the treaty of Paris, of the 10th of February, 1763.

But by the treaty of San Ildefonso, of October 1, 1800, the province of Louisiana was retroceded to France.

The permission of undisturbed possession under the grant by France, after her re-acquisition of the province, amounts to a confirmation.

*Mr. Crittenden*, made three points:

1. That on the 11th day of March, 1763, the date of the alleged grant, as stated in the petition, the French authorities, by whom it is alleged to have been made, had no power to make such a grant, the country within which the land is situated having been previously ceded by France to Great Britain, to wit, on the 10th February preceding. The tract of land embraced within the grant, lies on the shore of the Gulf of Mexico, a short distance to the west of the entrance of Mobile Bay.

The preliminary articles of peace between Great Britain, France, and Spain, were signed at Fontainebleau, the 3d November, 1762, and the definitive treaty at Paris, on the 10th February, 1763. Marten's Treaties, 17, 33. By the sixth article of the preliminary articles, and the seventh article of the definitive treaty, it was agreed between France and Great Britain, " that, for the future, the confines between the dominions of his Britannic Majesty and those of his Most Christian Majesty, in that part of the world, shall be fixed irrevocably, by a line drawn

along the middle of the Mississippi, from its source to the River Iberville, and from thence, by a line drawn along the middle of this river and the Lakes Maurepas and Pontchartrain, to the sea; and for this purpose the Most Christian King cedes in full right, and guarantees to his Britannic Majesty, the river and port of Mobile, and every thing which he possesses, or ought to possess, on the left side of the River Mississippi, with the exception of the town of New Orleans, and of the island in which it is situated, which shall remain to France. Translation in 2 White's Recop. 291.

By the twentieth article of the definitive treaty, Spain ceded Florida to Great Britain, " as well as all that Spain possesses, on the Continent of North America, to the east or the southeast of the River Mississippi." The authorities to sustain the proposition are, United States v. Reynes, 9 How. 127; Police Jury of Concordia v. Davis, Id. 280.

2. That the description of the lands, alleged in the petition to have been granted, is so vague, indefinite, and uncertain, that they could not be identified, and the alleged grant is therefore void. United States v. Miranda, 16 Pet. 156; 15 Pet. 184, 215, 275, 319; 1() Pet. 331; 3 How. 787; 5 How. 26; and the case of United States v. Villalobos, decided the present term.

3. That the petitioners should have made other persons, claiming the lands, or any portion of them, under a different title, or holding possession otherwise than under them, parties to this suit.

The court is respectfully referred to the argument, on this point, on behalf of the United States, in the case against Boisdore's heirs, at the present term. The district judge in Louisiana, held that it was necessary to make such parties, and the district judge of Mississippi, that it was not necessary.

Mr. Chief Justice TANEY delivered the opinion of the court.

The appeal in this case was taken from the decision of the District Court for the Southern District of Alabama.

The appellants filed a petition in that court to establish their title to a tract of land situated south of the 31st degree of north latitude, and between the Rivers Mississippi and Perdido, in the State of Alabama, the boundaries of which are set out in the petition. They state that the land in question was granted to the Chevalier Montault de Monterault on the 11th of March, 1763, by Louis Kerlerac, then Governor of the Colony of Louisiana, and Louis Nicholas Faucault, performing the functions of commissary ordonnateur, both of them holding their appointments under the King of France, and the petitioners claim title as the descendants and legal heirs of the grantor.

The only question which arises on this record is upon the

validity of this grant.   It is objected to on account of the vagueness and uncertainty of the boundaries as set forth in the petition.  But it is not necessary to express our opinion upon this point, because the other objection taken on behalf of the United States is conclusive, and it is very clear that the French authorities had no right to make this grant, and that it conveyed no title to the ancestor of the petitioners.   For the definitive treaty of peace between Great Britain, France, and Spain, by which the territory in which this land is situated was ceded to Great Britain, was signed on the 10th of February, 1763, and consequently the French authorities could not, after that day, grant a title to lands lying in the ceded territory.   This point was decided in the cases of the United States v. Reynes, 9 How. 127; The Police Jury of Concordia v. Davis, 9 How. 280; and the United States v. Dauterive, 10 How. 609.   And as the grant in question was not made until the 11th of March next following the date of the treaty, it was at that time the exercise of a power by the French authorities which they no longer possessed, and could convey no title to the grantee.

The decree of the District Court dismissing the petition was therefore correct, and must be affirmed.

## Order.

This cause came on to be heard on the transcript of the record from the District Court of the United States for the Southern District of Alabama, and was argued by counsel.   On consideration whereof, it is now here ordered and decreed by this court, that the decree of the said District Court in this cause be, and the same is hereby, affirmed.